# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSE AARON DAUL,**

    Plaintiff,

  v.                                        Case No. 18-CV-386

**LORI BIAGIONI,**

    Defendant.

## ORDER

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff Jesse Daul was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

According to the Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

That said, a prisoner is not required to exhaust his administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 739, 742 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

On February 28, 2019, defendant Lori Biagioni moved for summary judgment on the basis that Daul did not exhaust the available administrative remedies before he initiated this case. Biagioni explains that the Department of Corrections has twice searched its records for any evidence that Daul submitted an inmate complaint about the issues in this case. She asserts that there are no documents suggesting an inmate complaint about the issues in this case was received, processed, returned or rejected. (ECF Nos. 53 at 4-5; 55 at ¶¶ 11-12.)

Daul disputes that he did not file an inmate complaint about the issues in this case. He asserts that he "submitted an inmate complaint against Lori Biagioni between the dates of 8-18-16 and 9-1-16." (ECF No. 50 at 2.) He explains that the inmate complaint was returned shortly after he submitted it without a date stamp or return letter. (ECF No. 50 at 3.) He argues that, under DOC policy, even if he had already filed the number of inmate complaints allowed during the relevant time

2

period, his inmate complaint should have been accepted because the underlying issue was a health and personal safety issue and therefore not subject to the two-per-week rule. (ECF No. 49 at 2).

Biagioni argues that Daul's "unsupported assertion of having submitted an inmate complaint is not sufficient to defeat summary judgment for non-exhaustion where, as here, the evidence adduced shows no record of any inmate complaint having been submitted, whether accepted or returned." (ECF No. 53 at 5.) That is not the law in this circuit. *See, e.g.*, *Daniels v. Prentice*, 741 F. App'x 342, 343-44 (7th Cir. 2018) (affirming district court's acknowledgment that "to meet her evidentiary burden, [the defendant] needed to show more than the absence of a grievance in prison records") (citing *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) for the proposition that, "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving.").

The Court of Appeals for the Seventh Circuit has instructed that, when there are questions of fact regarding whether a plaintiff exhausted the available administrative remedies, a district court must conduct an evidentiary hearing to resolve the issue. *See Pavey*, 544 F.3d at 742. At the hearing, the district court "may hear evidence, find facts, and determine credibility. After finding facts, the district court may allow the claim to proceed or dismiss it for failure to exhaust." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citations omitted).

In light of the conflicting evidence, the court finds that an evidentiary hearing is necessary. The court will enter a separate order setting a date and time for the hearing.

**IT IS THEREFORE ORDERED** that the court will set, in a separate order, a date and time for an evidentiary hearing to determine whether Daul exhausted the available administrative remedies before he initiated this case.

Dated in Milwaukee, Wisconsin this 10th day of May, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge